UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO V. DIAZ-MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>MARIO DELGADO, et al.,<br><br>Defendants. | Case No.  23-cv-04138-VC<br><br>**ORDER OF SERVICE** |

Eduardo Diaz-Martinez, a former detainee at Maguire Correctional Facility proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against police officers and prosecutors involved in several arrests. The original complaint was difficult to understand. Diaz-Martinez presented unrelated claims involving various arrests, named various defendants who were immune from suit, and failed to adequately allege municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The court dismissed the claims with leave to amend. Diaz-Martinez timely filed an amended complaint.

**DISCUSSION**

**I.      Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## II.     Diaz-Martinez's Allegations

Diaz-Martinez's amended complaint alleges the following:

On October 17, 2022, Officers Permenko, Mendiara, Carriel and McMahon forcibly removed Diaz-Martinez from his car at gun point. The defendants pulled his arms and legs in different directions. His neck snapped and he was rendered unconscious. McMahon woke up Diaz-Martinez and then slammed him into the ground. The defendants refused to request medical care and told Diaz-Martinez that he was being arrested for a crime he did not commit. As a result of the force, Diaz-Martinez suffered nerve damage and cervical stenosis. Daly City and the City of Broadmoor have a policy of employing officers who are unfit for duty and these cities fail to properly train or supervise their officers, knowing that it will result in constitutional violations.

## III.     Analysis

An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989); *see also Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641-42 (9th Cir. 2018) (pro se allegations that police officers "beat the crap out of" plaintiff and caused him severe injury

enough to support a legally cognizable claim under Section 1983).  Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. *See Graham*, 490 U.S. at 394-95.

A claim of false or unlawful arrest is cognizable under Section 1983 as a violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification.  *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967). "[F]alse arrest claims require showing the absence of probable cause." *Miller v. City of Scottsdale*, 88 F.4th 800, 804 (9th Cir. 2023) (citations and footnote omitted); *see Yousefian v. City of Glendale*, 779 F.3d 1010, 1014, n.1. (9th Cir. 2015) (absence of probable cause is essential element of Section 1983 false arrest claim).

The Fourth Amendment requires police officers to seek medical attention for a detainee who has been injured during detention.  *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1098-99 (9th Cir. 2006); *Ostling v. City of Bainbridge Island*, 872 F. Supp. 2d 1117, 1129 (W.D. Wash. 2012). Courts analyze claims for failure to render post-arrest medical aid under the Fourth Amendment's reasonableness standard. *Ostling*, 872 F. Supp. 2d at 1129. But "[j]ust as the Fourth Amendment does not require a police officer to use the least intrusive method of arrest, neither does it require an officer to provide what hindsight reveals to be the most effective medical care for an arrested suspect." *Tatum*, 441 F.3d at 1098 (internal citation omitted). A police officer who promptly summons medical assistance acts reasonably under the Fourth Amendment. *Id*. at 1099.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. To properly plead a claim under *Monell*, it is insufficient to allege simply that a policy, custom, or practice exists that caused the constitutional violations. *AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). Pursuant to the more stringent pleading

requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 682-83 (2009), and *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 553-56 (2007), a plaintiff suing a municipal entity must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief. *AE*, 666 F.3d at 636-37 (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), which summarized new pleading standards derived from *Iqbal*, *Twombly* and related Supreme Court decisions).

Liberally construed, the allegations appear to give rise to a cognizable claim against Permenko, Mendiara, Carriel and McMahon for excessive force, false arrest and the denial of medical care and a *Monell* claim against Daly City and the City of Broadmoor. The allegations against the officers also appear to give rise to state law claims of false imprisonment, false arrest, assault and battery, negligent infliction of emotional distress and claims under the Bane Act and Ralph Act. The remaining claims are dismissed. Diaz-Martinez's separate claim related to officers pointing a gun at him is dismissed but the underlying facts are part of the excessive force and state tort claims.

## CONCLUSION

Based on the foregoing, the court orders as follows:

1. The clerk will issue a summons and the United States Marshal will serve, without prepayment of fees, copies of the amended complaint (Dkt. No. 11) with attachments and copies of this order on City of Broadmoor Officers Ryan McMahon and Carriel; Daly City Officers Mendiara and Permenko; and on Daly City and the City of Broadmoor.

2. The following briefing schedule shall govern dispositive motions in this action:

a. If the defendants intend to file a motion for summary judgment or other dispositive motion, they must do so no later than fifty-six days from the date of service. If the defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If the defendants believe this case cannot be resolved by summary judgment, they shall so inform the

court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Diaz-Martinez.

At the time the dispositive motion is served, the defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

b. Diaz-Martinez's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on the defendants no later than twenty-eight days after the date on which the defendants' motion is filed.

Before filing his opposition, Diaz-Martinez is advised to read the notice that will be provided to him by the defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Diaz-Martinez is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to the defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Diaz-Martinez will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c. The defendants shall file a reply brief no later than fourteen days after the date Diaz-Martinez's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders later.

3. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. No further court order pursuant to Rule 30(a)(2) is required before the parties may

conduct discovery.

      4.  All communications by Diaz-Martinez with the court must be served on the defendants, or the defendants' counsel once counsel has been designated, by mailing a true copy of the document to the defendants or counsel.

      5.  It is Diaz-Martinez's responsibility to prosecute this case. Diaz-Martinez must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      6.  Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

      **IT IS SO ORDERED.**

Dated: 7/11/2024

_____
VINCE CHHABRIA
United States District Judge