UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDUARDO V. DIAZ-MARTINEZ,
Plaintiff,
v.
MADIERA, et al.,
Defendants.

Case No. 23-cv-04138-EKL

**ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE WITHOUT PREJUDICE**

Re: ECF No. 89

Plaintiff Eduardo V. Diaz-Martinez, a former state detainee, filed a complaint raising claims against several police officers, including Defendant Ryan McMahon. *See* ECF No. 95. Despite multiple attempts, the Court has been unable to effectuate service of McMahon, who is no longer employed by Broadmoor Police District. *See* ECF Nos. 15, 39, 70.

On May 22, 2026, Plaintiff filed a motion requesting that this Court authorize alternative service of McMahon. *See* ECF No. 89. Plaintiff asserts that he has been unable to obtain a valid address for McMahon despite reasonable efforts, including "[r]equests for documents[,] [c]alling process servers that failed because they can't locate Ryan McMahon[,] emails/letters[,] public records searchers[,] requests to department counsel[,] and [s]everal phone calls." *Id.* at 2. Plaintiff may be able to show that alternative service is warranted. *See* Fed. R. Civ. P. 4(e)(1) (an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"); Cal. Civ. Proc. Code § 415.50 (permitting service by publication "upon [the filing of an affidavit where] it appears to the satisfaction of the court . . . that the party to be served cannot with reasonable diligence be served in another manner"); *Calvert v. Al Binali*, 29 Cal. App. 5th 954, 963 (2018) ("Substitute service by

United States District Court
Northern District of California

publication is 'a last resort' when 'reasonable diligence to locate a person in order to give [them] notice before resorting to the fictional notice afforded by publication' has been exercised.") (citation modified). However, as Plaintiff does not provide evidence in support of the assertions in his motion, the Court DENIES the motion without prejudice to Plaintiff re-filing if necessary.

In addition, the Court is informed that McMahon filed several documents *pro se* in a different case before the Eastern District of California.[1] The Court therefore ORDERS as follows:

1. Defendant Ryan McMahon shall be SERVED. The Clerk shall issue a summons, and the United States Marshal will serve, without prepayment of fees, a copy of the Third Amended Complaint (ECF No. 95) with attachments and copy of this order to the following address: 7533 English Hills Road, Vacaville, CA 95687. McMahon is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint.
2. Because this matter is presently referred to Judge Illman for mediation, the Court will issue an order regarding the schedule for any additional briefing once service has been attempted.

**IT IS SO ORDERED.**

Dated: November 2, 2026

Eumi K. Lee
United States District Judge

[1] The Court takes judicial notice of the docket and filings in *McMahon v. Whitney*, No. 23-cv-01972-KJM-JDP (filed September 13, 2023). *See* Fed. R. Civ. P. 201; *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (a court may take judicial notice of court filings and other matters of public record).